# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JOSEPH MANZANARES**,

    Plaintiff,

vs.                                No. **CIV 03-0309 MCA/KBM**

**SPENCER ABRAHAM, SECRETARY,
UNITED STATES DEPARTMENT OF
ENERGY, et al.**,

    Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)* (Doc. 10), filed September 8, 2003; *Defendant Rob McLaughlin's Motion and Memorandum to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5)* (Doc. 20), filed November 26, 2003; and *Defendant United States' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on Plaintiff's Claims of Assault, Battery, and Negligent Infliction of Emotional Distress, or, in the Alternative, Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56* (Doc. 21), filed November 26, 2003 . Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)* (Doc. 10) is due to be granted in part and denied in part; *Defendant Rob McLaughlin's Motion and Memorandum to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5)* (Doc. 20) is due to be denied; and *Defendant United States' Motion*

*to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on Plaintiff's Claims of Assault, Battery, and Negligent Infliction of Emotional Distress, or, in the Alternative, Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56* (Doc. 21) is due to be granted.

**BACKGROUND**

Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), Plaintiff Joseph Manzanares ("Manzanares"), an employee of the United States Department of Energy ("DOE") stationed in Albuquerque, New Mexico, filed *Plaintiff's First Amended Complaint for Damages* (Doc. 3) ("the Complaint") against Spencer Abraham, Secretary of the DOE ("the Secretary")[1]; Mark Padilla, an employee of DOE ("Padilla"); and Rob McLaughlin, an employee of DOE ("McLaughlin"), in connection with two separate incidents of workplace violence. In the first incident ("Incident #1"), which occurred August 21, 2001, Padilla allegedly verbally and physically assaulted Manzanares while the two were working on a project in Raton, New Mexico. In the second incident ("Incident #2"), which occurred during a training exercise on March 18, 2002, McLaughlin allegedly threw a grenade simulator at Manzanares without warning. The simulator exploded, rupturing Manzanares's right eardrum. (Doc. 3 at 1-5; see also Doc. 11, Exhs. A-C) Manzanares charged Padilla and McLaughlin with assault, battery, and negligent infliction of emotional distress, and DOE with negligent retention as to Padilla and negligent supervision as to both Padilla and McLaughlin. (Doc. 3 at 6-12). Manzanares sought, among other things, actual and punitive

---

[1] It is not entirely clear whether the Secretary or the DOE is intended as the named defendant in this action. (See Doc. 1 at 1, 9-12).

damages, and "emotional distress damages for pain and suffering and loss of enjoyment of life." (Id. at 12).

The Secretary moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on grounds that (1) he is not a proper party defendant under the FTCA; (2) the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8152 ("FECA"), provides Manzanares's exclusive remedy; and (3) Manzanares has failed to exhaust his administrative remedies with respect to his claims for negligent retention and negligent supervision. (Doc. 10; Doc. 11 at 1, 5-14). McLaughlin moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(5), citing Manzanares's failure to effect proper service of process on him. (Doc. 20). Having been substituted as a defendant for Padilla, the United States moves to dismiss or, alternatively, for summary judgment, on the ground that Manzanares's claims for assault, battery, and negligent infliction of emotional distress are barred by the "intentional torts" exception of 28 U.S.C. § 2680(h). (Docs. 19-21).

**ANALYSIS**

**(1) STANDARDS**

**Fed.R.Civ.P. 12(b)(1), (b)(5), and (b)(6) and 56**

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally take two forms. Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995). The first, a facial attack on the complaint's allegations as to subject-matter jurisdiction, questions the sufficiency of the complaint and requires the district court to accept as true the allegations set forth therein. Id. (internal citation omitted). Alternatively, a party may go beyond allegations contained in the

complaint and challenge the facts upon which subject-matter jurisdiction depends. Id. at 1003. When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. Id. Indeed, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1) without converting the motion to a Rule 56 motion for summary judgment. On the other hand, a Rule 12(b)(1) motion should be treated as a Rule 56 motion when resolution of the jurisdictional question is intertwined with the merits of the case. See id.; see also Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.), cert. denied, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987).

Rule 12(b)(5) allows for dismissal of a complaint on the basis of insufficiency of service of process. "When a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent . . . ." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (citations omitted). Such service is effected "by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g)." Fed.R.Civ.P. 4(i)(2)(B).

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

4

which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Thus, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp., 130 F.3d at 1384. The Court "'may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a

5

motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id. Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

### (2) THE FEDERAL TORT CLAIMS ACT AND THE FEDERAL EMPLOYEES' COMPENSATION ACT

The Secretary argues that Manzanares's failure to name the United States as a defendant is fatal to his FTCA claim, and that allowing Manzanares leave to amend his Complaint would be futile because Manzanares has failed to exhaust his administrative remedies under the FECA, which provides his exclusive remedy. (See Doc. 11 at 4-6). Manzanares counters that the Secretary, as an individual, is a proper party to an FTCA action, and that to the extent he sustained emotional injuries as a result of DOE's negligent retention of Padilla and negligent supervision of Padilla and McLaughlin, those claims are not covered by the FECA. (See Doc. 16 at 3-4).

The FTCA and the FECA co-exist as "two statutory schemes defining the liability of the United States." Farley v. United States, 162 F.3d 613, 615 (10th Cir. 1998). The FTCA waives sovereign immunity to allow suits against the United States for damages arising from tortious acts of government employees. Id., see also 28 U.S.C. § 1346(b). The FECA, on the

6

other hand, addresses federal employees' work-related injuries, covering claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." Id. (quoting 5 U.S.C. § 8102(a)). The Tenth Circuit has held that an injury occurs "in the performance of duty" if it arises out of and in the course of employment. Tarver v. United States, 25 F.3d 900, 902 (10th Cir.1994). The FECA's remedies are "exclusive and instead of all other liability of the United States . . . in a civil action . . . or under a Federal tort liability statute." 5 U.S.C. § 8173. If the FECA applies to a particular injury, a tort action against the United States regarding those same injuries is preempted and, consequently, a district court lacks jurisdiction to hear the case. Farley, 162 F.3d at 615.

The FECA vests the Secretary of Labor with power to resolve any disputes regarding the scope of coverage. See 5 U.S.C. § 8145 ("The Secretary of Labor shall administer, and decide all questions arising under, this subchapter.") Moreover, decisions rendered by the Secretary of Labor are final and not subject to judicial review. 5 U.S.C. § 8128(b). If a plaintiff brings an FTCA action in federal court and a substantial question regarding FECA coverage exists, "the court must stay its proceedings pending a final decision of the Secretary of Labor regarding FECA coverage." Tarver, 25 F.3d at 902. A substantial question regarding FECA coverage exists unless it is certain the Secretary would not find coverage. Farley, 162 F.3d at 615 (citation omitted). "If the Secretary determines the employee was injured in the performance of duty, the Secretary's decision is binding on the court, regardless of whether compensation is actually awarded, and the court action must be

dismissed." Tarver, 25 F.3d at 903. In the instant case, as in Farley, "the pivotal issue. . . is whether a substantial question regarding [FECA] coverage exists." Farley, 162 F.3d at 616.

In addition to a ruptured eardrum, Manzanares alleges that he suffered emotional distress when, among other things, "his employer failed to investigate [his] complaints regarding wrongful conduct and threats by his coworkers [and] failed to take remedial action to redress [his] complaints." (Doc. 16 at 1, 4). Manzanares contends that such emotional injuries are not covered by the FECA because they are not related to the "special zone of danger" created by an obligation or condition of his employment as a lead courier for the DOE. (Id. at 4 (quoting Wright v. United States, 717 F.2d 254, 257 (6th Cir. 1983))). As the Farley Court made clear, however, "the Secretary of Labor has determined that [FECA] covers work-related emotional distress injuries in some instances." Farley, 162 F.3d at 616. The crux of Manzanares's negligent-retention and negligent-supervision claims is that DOE's failure to take remedial action against Padilla and McLaughlin compounded the emotional distress that Manzanares had already sustained as a result of these co-workers' malfeasance. (See Doc. 16 at 4). Given that the Tenth Circuit has held that emotional-distress injuries may be covered by the FECA, the Court cannot say as a matter of law that the Secretary could find no FECA coverage in this case. See Farley, 162 F.3d at 616. To the extent that Manzanares's negligent-retention and negligent-supervision claims arise from the DOE's failure to respond to Incident #1, the Court finds that proceedings relating to those claims must be stayed so as to allow the Secretary of Labor to decide whether FECA coverage

exists. In contrast to the evidence presented with respect to injuries sustained as a result of Incident #2, the Court can find nothing in the record tending to show that the Secretary of Labor has rendered a decision, or been given the opportunity to render a decision, as to whether FECA covers the injuries Manzanares suffered during Incident #1. (See Doc. 11, Exhs. A-C).

Inasmuch as Manzanares's claims for negligent retention and negligent supervision are grounded in the DOE's failure to act in response to injuries he sustained as a result of Incident #2, the Court concludes that it lacks jurisdiction over those claims. Where the Secretary of Labor has determined that an employee was injured in the performance of duty, "the Secretary's decision is binding on the court, regardless of whether compensation is actually awarded, and the court action must be dismissed." Tarver, 25 F.3d at 903. In this case, Manzanares submitted a claim for a perforated eardrum to the Department of Labor on March 18, 2002, and the Secretary of Labor accepted that claim. (Doc. 11, Exh. A, Attachments 1 and 2). As the Secretary's acceptance of the claim related to Incident #2 is binding on the Court, the Court concludes that it is without jurisdiction to consider anew claims based on injuries sustained by Manzanares during Incident #2. See Tarver, 25 F.3d at 903.

### (3) **FAILURE TO EFFECT PROPER SERVICE OF PROCESS ON MCLAUGHLIN**

The United States has moved, pursuant to Fed.R.Civ.P. 12(b)(5) and on behalf of

McLaughlin,[2] to dismiss the Complaint for failure to effect proper service. (Doc. 20). Manzanares responds that McLaughlin has been served and that counsel is awaiting proof of delivery from the United States Postal Service. (Doc. 24).

     Rule 4(m) of the Federal Rules of Civil Procedure provides that if service is not made upon a defendant within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ." Fed.R.Civ.P. 4(m). Prior to its amendment in 1993 as Rule 4(m), former Rule 4(j) allowed a district court to extend the time for service of the summons and complaint only upon a showing of "good cause." See Fed.R.Civ.P. 4(j) (1987). As the Tenth Circuit has explained, however, "[t]he plain language of Rule 4(m) . . . broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause." Espinoza v. U.S., 52 F.3d 838, 840-41 (10th Cir. 1995). Factors to consider when deciding that a permissive extension is or is not warranted include whether (1) the applicable statute of limitations would bar a refiled action; (2) the burdens of complying with the requirements of the multiple-service provisions of Rule 4(i) justify affording the plaintiff an opportunity to cure; and (3) the plaintiff is appearing *pro se,* thereby allowing the Court to treat his pleadings more leniently than it would those of a counseled party. See id. at 841-42.

---

[2] The United States is not representing McLaughlin and files its motion to dismiss on his behalf only for purposes of notifying the Court that McLaughlin has not been properly served. (Doc. 20 n.1).

In the instant case, the Court notes that, in September 2002, the Clerk issued a *Notice of Impending Dismissal*, instructing counsel for Manzanares to show good cause why this action should not be dismissed as to McLaughlin for failure to effect proper service. (See Doc. 12, Dkt. Entry 12). In response, counsel stated that "thorough research" revealed that McLaughlin is now employed with the DOE in Amarillo, Texas, and that process was served via certified mail on September 29, 2003. (Doc. 15 at 2). The Court finds that neither *Plaintiff's Response to Notice of Impending Dismissal* nor *Plaintiff's Response to Defendant McLaughlin's Motion to Dismiss* demonstrate cause, much less good cause, as to why this action should not be dismissed with respect to McLaughlin. (See Docs. 15, 24). The Court further finds that an updated docket sheet reveals still no evidence of service upon McLaughlin. (See Dkt. Sheet of April 6, 2004). Moreover, the limitations and *pro se* status concerns cited in Espinoza are absent here. See Espinoza, 52 F.3d at 841-42. Nevertheless, in keeping with Circuit authority and the permissive spirit of Rule 4(m), and in light of the fact that Manzanares has attempted to comply with the requirements of multiple service, the Court will allow Manzanares 21 days from the date of this order to effect proper service of process upon McLaughlin.

**(4) ASSAULT, BATTERY AND NEGLIGENT-INFLICTION-OF-EMOTIONAL-DISTRESS CLAIMS AGAINST THE UNITED STATES**

Section 2679(d)(1) of the FTCA provides that, upon certification of the Attorney General that the defendant-employee was acting within the scope of his or her employment at the time of the complained-of incident, any civil action commenced upon such incident

in district court "**shall** be deemed an action against the United States . . . and the United States **shall** be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) (emphasis added). United States Attorneys also are authorized to make the necessary certification. See 28 CFR 15.4. In accordance with these provisions, the United States was substituted for Padilla in this action. (Doc. 19). The United States then moved to dismiss Manzanares's claims for assault, battery, and negligent infliction of emotional distress, arguing that they are barred by the FTCA's "intentional torts" exception. (Docs. 21, 22). Alternatively, the United States has sought summary judgment on this issue. (Id.).

"It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived." Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989). Such a waiver may be found in the FTCA's so-called "intentional torts" exception, which provides, in pertinent part, that the FTCA shall not apply to

> Any claim arising out of assault, battery . . . *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the FTCA] shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery . . . .

28 U.S.C. § 2680(h). While Padilla apparently has some limited arrest authority, (see Doc. 22 at 8), Manzanares "does not contest the lack of law enforcement status of Mark Padilla at the time he assaulted and battered [Manzanares]." (Doc. 23 at 2). Because the United States has not waived its sovereign immunity in these circumstances, Manzanares's claims

12

for assault and battery must be dismissed.

The Court also finds that dismissal is appropriate as to Manzanares's claim for negligent infliction of emotional distress. To be sure, "[s]ection 2680(h) does not merely bar claims for assault or battery; in sweeping language it excludes any claim arising out of assault or battery [,including] claims . . . that sound in negligence but stem from a battery committed by a Government employee." U.S. v. Shearer, 473 U.S. 52, 55, 105 S.Ct. 3039, 3041, 87 L.Ed.2d 38 (1985). In "Count III - Negligent Infliction of Emotional Distress," Manzanares contends alleged that "Padilla's conduct in physically attacking and threatening [Manzanares] caused extreme emotional distress on the part of [Manzanares]." (Doc. 3 at 7). Where, as here, a claim represents nothing more than "an effort to remove the damage element from an intentional tort barred by section 2680(h) and plead it separately as negligent infliction of emotional distress," it is barred. Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1206 (9th Cir. 1988).

**IT IS, THEREFORE, ORDERED** that *Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)* (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**. The *Motion* is **DENIED IN PART** as to the negligent-retention and negligent-supervision claims that Manzanares alleges arise from the DOE's failure to respond to Incident #1. With respect to these claims only, the proceedings in this Court are stayed so as to allow the Secretary of Labor an opportunity to decide whether such claims can be sustained under the FECA.

**IT IS FURTHER ORDERED** that *Defendant Rob McLaughlin's Motion and*

*Memorandum to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5)* (Doc. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that *Defendant United States' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on Plaintiff's Claims of Assault, Battery, and Negligent Infliction of Emotional Distress, or, in the Alternative, Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56* (Doc. 21) is **GRANTED.**

**SO ORDERED** this 27th day of April, 2004, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge