IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOSEPH MANZANARES**,

    Plaintiff,

vs.                                                                 No. CIV 03-309 MCA/KBM

**SPENCER ABRAHAM, SECRETARY**,
**UNITED STATES DEPARTMENT OF**
**ENERGY,** et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant *United States of America's Motion to Dismiss Counts I, II and III as to Defendant Rob McLaughlin Pursuant to Fed.R.Civ.P. 12(b)(1)* [Doc. 36], filed August 2, 2004. Having reviewed the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff has failed to file a response to Defendant's motion within the time permitted by D.N.M. LR-Civ. 7.6 and that the motion states good cause, based on undisputed facts and applicable Tenth Circuit precedent, for entering judgment against Plaintiff.

## A. BACKGROUND

On April 24, 2003, Plaintiff Joseph Manzanares, an employee of the United States Department of Energy (DOE) filed *Plaintiff's First Amended Complaint for Damages* against DOE and co-workers Mark Padilla and Rob McLaughlin. Jurisdiction was invoked pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* [Doc. 3]. Manzanares sought damages for injuries sustained during two separate incidents of workplace violence.

In the first incident ("Incident #1"), which occurred August 21, 2001, Padilla allegedly verbally and physically assaulted Manzanares while the two were working on a project in Raton, New Mexico. In the second incident ("Incident #2"), which occurred during a training exercise on March 18, 2002, McLaughlin allegedly threw a grenade simulator at Manzanares without warning. The simulator exploded, rupturing Manzanares's right eardrum. [Doc. 3 at 1-5; see also Doc. 11, Exhs. A-C]. Manzanares charged Padilla and McLaughlin with assault, battery, and negligent infliction of emotional distress, and DOE with negligent retention as to Padilla and negligent supervision as to both Padilla and McLaughlin. [Doc. 3 at 6-12].

Each Defendant thereafter moved to dismiss. By *Memorandum Opinion and Order* ("the Order") filed April 28, 2004, this Court granted in part and denied in part Defendants' motions. [See generally Doc. 29]. As is relevant here, the Court denied McLaughlin's motion to dismiss for failure to effect proper service of process and allowed Manzanares 21 days from the date of the Order to serve McLaughlin. [See id. at 10-12, 14]. McLaughlin was served on August 10, 2004. [See Doc. 39]. Having been substituted as the proper party Defendant for McLaughlin, the United States now moves to dismiss for lack of subject-matter jurisdiction. [See Docs. 35-37]. Manzanares has not filed a response. [See generally Dkt. in case no. 03cv309].

**B. ANALYSIS**

    **1. Fed.R.Civ.P. 12(b)(1)**

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally take two forms. Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995). The first, a facial attack on

the complaint's allegations as to subject-matter jurisdiction, questions the sufficiency of the complaint and requires the district court to accept as true the allegations set forth therein. Id. (internal citation omitted). Alternatively, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. Id. at 1003. When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. Id. Indeed, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1) without converting the motion to a Rule 56 motion for summary judgment. On the other hand, a Rule 12(b)(1) motion should be treated as a Rule 56 motion when resolution of the jurisdictional question is intertwined with the merits of the case. See id.; see also Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.), cert. denied, 484 U.S. 986 (1987).

In the District of New Mexico, the local rules further provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). The time prescribed for filing a response to a motion to dismiss is 14 calendar days from the date of service of the motion. See D.N.M. LR-Civ. 7.6(a). As previously stated, an updated docket

sheet in this case reflects no responsive pleading from Manzanares. [See generally Dkt. in case no. 03cv309].

### 2. The FTCA and the FECA

As explained more fully in the Court's April 28, 2004 Order, this case involves the interrelationship of the FTCA and the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8152. [See generally Doc. 29]. The FTCA and the FECA co-exist as "two statutory schemes defining the liability of the United States." Farley v. United States, 162 F.3d 613, 615 (10th Cir. 1998). The FTCA waives sovereign immunity to allow suits against the United States for damages arising from tortious acts of government employees. Id.; see also 28 U.S.C. § 1346(b). The FECA, on the other hand, addresses federal employees' work-related injuries, covering claims "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." Farley, 162 F.3d at 615 (*quoting* 5 U.S.C. § 8102(a)). The Tenth Circuit has held that an injury occurs "in the performance of duty" if it arises out of and in the course of employment. Tarver v. United States, 25 F.3d 900, 902 (10th Cir.1994). The FECA's remedies are "exclusive and instead of all other liability of the United States . . . in a civil action . . . or under a Federal tort liability statute." 5 U.S.C. § 8173. If the FECA applies to a particular injury, a tort action against the United States regarding those same injuries is preempted and, consequently, a district court lacks jurisdiction to hear the case. Farley, 162 F.3d at 615.

The FECA vests the Secretary of Labor with power to resolve any disputes regarding the scope of coverage. See 5 U.S.C. § 8145 ("The Secretary of Labor shall administer, and

decide all questions arising under, this subchapter.")  Moreover, decisions rendered by the Secretary of Labor are final and not subject to judicial review. 5 U.S.C. § 8128(b).  "If the Secretary determines the employee was injured in the performance of duty, the Secretary's decision is binding on the court, regardless of whether compensation is actually awarded, and the court action must be dismissed."  Tarver, 25 F.3d at 903.

In this case, the only allegation of wrongdoing against McLaughlin stems from his involvement in Incident #2, during which Manzanares's eardrum was ruptured when a grenade simulator thrown by McLaughlin without warning exploded close to Manzanares. [Doc. 3 at 1-5; see also Doc. 11, Exhs. A-C].  Shortly after Incident #2, however, Manzanares submitted a claim for a perforated eardrum to the Department of Labor and the Secretary of Labor accepted that claim.  [Doc. 11, Exh. A, Attachments 1 and 2].  The Secretary's acceptance of this claim is binding on the Court and relieves the Court of jurisdiction to reconsider anew claims based on injuries sustained by Manzanares during Incident #2.  See Tarver, 25 F.3d at 903.  For that reason, the court action against McLaughlin must be dismissed.  See id.

**C. CONCLUSION**

Based on the undisputed facts and in light of the foregoing, the Court concludes that *United States of America's Motion to Dismiss Counts I, II and III as to Defendant Rob McLaughlin Pursuant to Fed.R.Civ.P. 12(b)(1)* [Doc. 36] should be granted.

**IT IS, THEREFORE, ORDERED** that *United States of America's Motion to Dismiss Counts I, II and III as to Defendant Rob McLaughlin Pursuant to Fed.R.Civ.P. 12(b)(1)* [Doc. 36] is **GRANTED**.

**SO ORDERED** this 30th day of November, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**